UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE BENNETT MORRISON DIETZ, | No. C-10-80207 SI (EMC) |
| Plaintiff, | |
| v. | **ORDER DENYING ASSIGNEE'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY** |
| JOHN FORD DIETZ, | |
| Defendant, | **(Docket No. 4)** |
| MISCELLANEOUS: | |
| RICHARD MORRISON, Assignee. | |
| _____/ | |

Assignee Richard Morrison ("Assignee" or "Mr. Morrison"), *pro se*, seeks to enforce a foreign judgment against Defendant John F. Dietz. To that end, he filed the pending Motion to Compel Post-Judgment discovery. (Docket No. 4). On February 9, 2011, both Mr. Morrison and Mr. Dietz appeared before the Court *pro se*. After hearing the parties' respective arguments, the Court ordered supplemental briefing on the issue of whether this Court has "jurisdiction over Mr. Dietz sufficient to order discovery." The parties timely filed their supplemental briefs. Having reviewed the parties' responses and the entire record of this case, the Court **DENIES** Assignee's Motion to Compel.

**I. BACKGROUND**

Mr. Morrison lives in this district. Defendant lives in Mexico. In 2006, Defendant left Mexico and arrived in Louisiana. Plaintiff thereafter successfully petitioned for custody of their

children in the district court for the Western District of Louisiana. As part of the judgment, issued on September 17, 2008, the court awarded Mrs. Dietz $31,351 in costs and expenses. *See* Docket No. 1 at 4 (certified copy of the judgment against Defendant ). Mrs. Dietz assigned the right to collect on that judgment to her brother, Mr. Morrison. Mr. Morrison registered the judgment with this Court and seeks to obtain post-judgment discovery against Mr. Dietz.

A year after the judgement was rendered in Louisiana, Mr. Dietz filed a lawsuit against Mr. Morrison in San Mateo County Superior Court, alleging, *inter alia*, that Mr. Morrison threatened his safety in an attempt to coerce him into signing over his interest in some real estate in Mexico to Mrs. Dietz. *See* Pl.'s Br. at 3. According to Mr. Dietz's complaint, it was Mr. Morrison who effectively forced him to flee Mexico in 2006. Mr. Morrison argues that, by filing that lawsuit in San Mateo, Mr. Dietz has subjected himself to the personal jurisdiction of this forum with respect to related matters. He further claims that this case *sub judice* is sufficiently related to the case pending in San Mateo because each lawsuit is "based on the same set of circumstances . . . ." Pl.'s Br. at 5.

## II.  **DISCUSSION**

The Court cannot compel discovery against a party unless it has personal jurisdiction over that party. Personal jurisdiction can be general or specific. "General jurisdiction refers to jurisdiction to adjudicate claims that do not arise from the defendant's contacts with the forum state. Thus, if a defendant is amenable to general jurisdiction in a state, the state may exercise jurisdiction over the defendant based on any claim, including claims unrelated to the defendant's contacts with the state." 16-108 Moore's Fed. Prac. – Civ. § 108.40; *see also Synopsys, Inc. v. Ricoh Co., Ltd.*, 343 F. Supp. 2d 883, 886 (N.D. Cal. 2003) (noting the same regarding general jurisdiction). The test for general jurisdiction has been summarized by the Ninth Circuit:

> For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

2

Mr. Dietz asserts (without dispute) that he: (1) never resided in California; (2) never was physically in California; (3) never engaged in any California actionable conduct directed towards the Assignee; (4) never maintained any personal property in California; (5) never owned any real property in California; and (6) had his permanent residence in the Country of Mexico and/or Louisiana. He also contends that Mrs. Dietz, the Plaintiff and creditor in the Louisiana proceeding, has her permanent residence in the Country of Mexico; and that the California state court legal proceeding involving Mr. Dietz and Mr. Morrison is based upon Mr. Morrison's conduct, not any conduct of Mr. Dietz. Under these facts, there is no general jurisdiction over Mr. Dietz.

The Court thus turns to the issue of specific jurisdiction. The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Schwarzenegger*, 374 F.3d at 802.

Regardless of whether Mr. Morrison can satisfy the other prongs, he cannot satisfy the second prong. The Ninth Circuit employs a "but for" test of causation to determine the second prong of the jurisdictional test. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001). This relatedness requirement is met if the cause of action (*i.e.* the basis for the Louisiana judgment) would not have arisen "but for" the alleged contacts (*i.e.* the San Mateo lawsuit) between defendant and forum state. *See Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

Here, the Louisiana judgment was issued a year *before* Mr. Dietz filed suit in San Mateo. It could not have arisen out of the San Mateo lawsuit. Moreover, the lawsuit concerned Mr. Morrison's conduct, not Mr. Dietz's. Furthermore, the Louisiana lawsuit concerned a child custody dispute between Mr. and Mrs. Dietz, whereas the San Mateo suit alleges wrongful conduct by Mr.

Morrison against Mr. Dietz which allegedly occurred in Mexico. The Louisiana judgment is not related to Mr. Dietz's conduct in California.

### III. CONCLUSION

For the foregoing reasons, as well as those stated on the record at the February 9, 2011 hearing, the Court **DENIES** Assignee's Motion to Compel Post-Judgment Discovery because the Court lacks personal jurisdiction over Mr. Dietz.

This order disposes of Docket No. 4.

IT IS SO ORDERED.

Dated: March 1, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE BENNETT MORRISON DIETZ, | No. C-10-80207 SI (EMC) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| JOHN FORD DIETZ, | |
| Defendant, | |
| MISCELLANEOUS: | |
| RICHARD MORRISON,<br>        Assignee.<br>_____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California.  On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

John Ford Dietz
P.O. Box 4668, Suite 37210
New York, NY  10163
917-470-9078
Fax: 917-591-9406
Email: dietzgroup@gmail.com
PRO SE

Richard Morrison
570 El Camino Real #150-242
Redwood City, CA 94063
650-321-3729
Fax: 253-563-1984
PRO SE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | |
|---|---|
| Dated: March 1, 2011 | RICHARD W. WIEKING, CLERK |
| | By:     /s/ Leni Doyle<br>Leni Doyle<br>Deputy Clerk |

6